```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 DARRELL HENRI,

                      Plaintiff,            MEMORANDUM & ORDER
                                             25-CV-1487 (EK)(SDE)
              -against-

 FEDERAL BUREAU OF INVESTIGATION,

                      Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Darrell Henri brings this action against the Federal Bureau of Investigation pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Proceeding *pro se*, he alleges that the FBI violated his rights under a federal criminal statute, 18 U.S.C. § 241.  Compl., ECF No. 1.  Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this order pursuant to 28 U.S.C. § 1915.  ECF No. 2.  For the following reasons, however, the complaint must be dismissed.

        **I.**    **Discussion**

        A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir.

2011).¹  At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).  Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest claims it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).  Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  A *pro se* complaint must therefore plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

---

¹ Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The complaint alleges that on July 12, 2023, Plaintiff lost his apartment "because the FBI was trying to set [him] up for a crime [he] didn't commit." Compl. 5. It also alleges that he "was tortured," though Plaintiff seeks that "the court upholds justice in whichever way justice may lie." *Id*. at 5-6.

Plaintiff's claims against the FBI, a United States government agency, are barred because, absent a waiver of sovereign immunity, federal courts lack subject-matter jurisdiction over claims against the United States or its agencies. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). It is Plaintiff's burden to establish the waiver; absent that, the Court will lack jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Here, the United States has not waived sovereign immunity. *See Selby v. United States*, No. 24-CV-8761, 2025 WL 552609, at *2 (E.D.N.Y. Feb. 19, 2025) (FBI is entitled to sovereign immunity).

In addition, "a *Bivens* action will only lie against a federal government official. *Bivens* actions against the United States are routinely dismissed." *Mack v. United States*, 814 F.2d 120, 122-23 (2d Cir. 1987). Since Plaintiff brought this

3

action against the FBI and no individual official, it is not a proper *Bivens* claim.[2]

## II. Conclusion

Accordingly, the complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

Still, given his *pro se* status, Plaintiff will be granted thirty days from the date of this order to amend the complaint. Any amended complaint will completely replace, not supplement, the prior complaint.

Therefore, the amended complaint must include all claims and factual allegations against all defendants, must be captioned an "Amended Complaint," and should bear the same docket number as this Memorandum and Order. If Plaintiff fails to file an amended complaint within the time allowed or cure the deficiencies identified in this order, the case will be dismissed with prejudice, and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any

---

[2] Even when brought properly against a federal official, *Bivens* claims that fall outside the previously recognized contexts face a very high pleading burden. *Goldey v. Fields*, 606 U.S. 942, 944 (2025) (per curiam) ("[R]ecognizing a cause of action under *Bivens* is a disfavored judicial activity."). Plaintiff cites a criminal statute as the source of the violation here, but *Bivens* claims have only been recognized for constitutional violations. *Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987). Moreover, it is well settled that "in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints," *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972).

appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and to note the mailing on the docket.

       SO ORDERED.

                                     /s/ Eric Komitee
                                     ERIC KOMITEE
                                     United States District Judge

Dated:    December 19, 2025
            Brooklyn, New York